**FEDERAL BUREAU OF PRISONS; Al Herrera, Warden; FPC—Lompoc, Plaintiff—Appellees,**

v.

**Ted MORENO Defendant—Appellant.**

No. 04–55978.

D.C. Nos. CV–03–01487–GLT, CR–98–00093–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2005.

Decided Aug. 18, 2005.

---

Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Brett A. Sagel, John C. Hueston, Leon W. Weidman, Santa Ana, CA, for Plaintiff—Appellees.

John C. Hueston, H. Dean Steward, San Clemente, CA, for Defendant–Appellant.

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Before THOMAS, BERZON, Circuit Judges, and MAHAN,* District Judge.

## MEMORANDUM**

Ted Moreno, a federal prisoner, appeals the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2255. We affirm. Because the parties are familiar with the history of the case, we will not recount it here.

Moreno contends that he should receive credit for the time he served in home confinement prior to sentencing because the court violated his due process rights by not providing him notice that he would receive no credit against his sentence for this time. There is no basis for a constitutionally grounded requirement that a district judge *sua sponte* advise a defendant of the sentencing consequences of post-conviction home confinement. Therefore, assuming, without deciding, that Moreno had a liberty interest in choosing intelligently between post-conviction detention that results in credit against a sentence of imprisonment and home confinement that does not, *see Reno v. Koray,* 515 U.S. 50, 65, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (Ginsburg, J., concurring) (acknowledging the possibility of the theory), Moreno would at least have to show that his request for home confinement despite the lack of credit towards his sentence was not a knowing and intelligent waiver of his liberty interest in order to demonstrate a due process violation under these circumstances. Here, Moreno has provided no evidence to show that he was actually un-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

aware of the consequences of his decision. Indeed, the record belies that assertion.

Moreno was remanded into custody following his conviction by a jury of various crimes. He filed an application for reconsideration of the order of detention, requesting that he be released on bond and placed in home detention. The government opposed the motion on the basis that Moreno posed a danger to the community. During the hearing on his application, at which Moreno tendered some two dozen witnesses in support of his application, Moreno suggested that he be confined to his sister's home. The government agreed, subject to the imposition of a number of other conditions. The district court directed the parties to enter a written stipulation concerning bail, which they did, and Moreno was released to home confinement pending sentencing. Home confinement does not constitute "official detention" within the meaning of 18 U.S.C. § 3585(b). *Koray,* 515 U.S. at 62–65, 115 S.Ct. 2021. Therefore, Moreno was not entitled to credit against his sentence for the time he spent in home confinement.

Moreno now seeks habeas relief based on the district court's approval of Moreno's own bail condition request. However, he does not assert that he was misinformed about the sentencing effect of home confinement by either his counsel or the court. He does not contend that his counsel rendered ineffective assistance by failing to inform him of the consequence. He does not contend that his bail request was made involuntarily or unintelligently. He simply asserts that the district court violated his due process rights by not affirmatively informing him of the sentencing consequence if the court granted relief as he requested pursuant to written stipulation of all parties.

Under these circumstances, without reaching the question of whether any liberty interest existed, the district court did not violate his constitutional rights by *sua sponte* failing to notify him of the potential consequence. Nothing else in the record indicates that he was misinformed about the consequences. Nothing in the record supports his contention that his plea was not knowing and voluntary.

We need not reach any other issue raised by the parties.

**AFFIRMED.**